UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
JUL 0 7 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-469-GWU

MARY A. SAYLOR, PLAINTIFF,

VS. **MEMORANDUM OPINION**

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

## INTRODUCTION

The plaintiff brought this action to obtain judicial review of an administrative denial of her application for Supplemental Security Income (SSI). The appeal is currently before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Crouch, 909 F.2d at 855.

1

Saylor

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. Section 404.1520.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. 416.965(a) and 20 C.F.R. 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

2

Saylor

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In

3

Saylor

such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

In the Sixth Circuit, the Step Three severity regulation has been held to be a de minimus hurdle in the disability determination process. Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986). An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

## DISCUSSION

The administrative law judge (ALJ) found that Saylor had no medically determinable impairment, i.e., one that can only be established by "anatomical, physiological or psychological abnormalities which can be shown by medically

Saylor

acceptable clinical and laboratory diagnostic techniques" as per 20 C.F.R. Section 404.1508.[1]

With regard to the assessment of Saylor's mental condition, there was error. The ALJ stated:

> The undersigned . . . notes that, aside from the one-time only diagnosis of 'general anxiety' by Sharon Coulton, M.D., no other acceptable medical source diagnosed depression or anxiety . . . . Rather, the claimant's diagnoses of depression and anxiety were proffered by nurses or social workers . . . . The undersigned grants the diagnoses of such sources no probative weight.

(Tr. 16). However, a close review of the administrative transcript reveals that in addition to the anxiety diagnosis of Dr. Colton's progress notes (Tr. 121), at least three signed by Dr. Ashutosh Mishra contain diagnoses of depression (Tr. 217, 220, 228). Further, one of the progress notes from Kentucky River Community Care, Inc. is clearly not in the handwriting of the therapist who saw Saylor; since prescriptions were discussed in this note (Tr. 235) and the prior notation by the social worker suggested that the next appointment would be with a "Dr. Chuata" (Tr. 237) it is not unreasonable to assume that the major depression diagnosis in that note was made by a staff psychiatrist. Significantly, none of the records except Dr. Colton's had been seen by the medical reviewers who had originally declared there to be

---

[1]The denial was on the basis of "medically determinable impairment," albeit the ALJ's heading related to "severe impairment." (Tr. 16).

5

Saylor

insufficient evidence (Tr. 166, 214) and had provided another basis for the declaration of "no medically determinable mental impairment" by the ALJ (Tr. 16).[2]

Nonetheless, remand for further consideration on this ground alone would accomplish no objective in that there is no suggestion of record that the mental condition diagnoses would translate into specific work-related function restrictions. No GAF was cited by anyone, nor any restrictions clearly linked to discrete mental impairments were made. And, as noted by the ALJ (Tr. 17), there was at least some evidence indicating that she had a regular social life (e.g., Tr. 66, 69, 72, 121) and could take care of basic personal and household needs (Tr. 67, 68, 70).

Nonetheless, the plaintiff is accurate in stating that the ALJ substituted her opinion for that of the medical sources of record in opining that there was no medically determinable physical disorder. Treating Physicians Colton (Tr. 101, 103, 121, 127) and Mishra (Tr. 168, 172, 174, 217, 220, 222, 224, 225, 226, 228) specifically diagnosed a seizure disorder, and the same diagnosis was credited by Medical Reviewers Saranga (Tr. 140) and Higgason (Tr. 190). While Higgason later stated that there was no "objective" evidence of seizures (Tr. 198), he did credit the condition and impose specific limits (Tr. 190-197); moreover, several of the examples he gave such as no third party witnessing of seizures or tongue biting (Tr.

---

[2] Psychological disorders can be diagnosed on the basis of an interview. Blankenship v. Bowen, 874 F.2d 1116, 1121-1122 (6th Cir. 1989).

Saylor

198), appear to be at odds with the record (Tr. 86, 90, 135). Accordingly, any conclusion that there is no medically determinable seizure impairment or no "severe" impairment is not supported by substantial evidence.

While all of Dr. Mishra's restrictions related to the seizure condition (e.g., Tr. 168-171) may not be worthy of full weight, especially as the objective basis for his assessment was partially addressed by Higgason, no medical source specifically addressed issues raised by Mishra such as whether extreme stress would precipitate a seizure and should be avoided (Tr. 169, 171) and whether side effects of her medication would cause impaired <u>coordination</u> (Tr. 170, 171). These issues were not addressed at all, including in the hypothetical question given to the vocational expert as a potential alternative basis for the decision.

The case must be remanded for further consideration.

This the ___7___ day of July, 2006.

*G. Wix Unthank*
G. WIX UNTHANK
SENIOR JUDGE